JOHN J. WARD *vs.* TRUSTEES OF THE NEW ENGLAND SOUTHERN CONFERENCE OF THE M. E. CHURCH.

PROVIDENCE—JUNE 12, 1905.

PRESENT: Douglas, C. J., Dubois and Blodgett, JJ.

(1)   *Equity.   Mortgages.   Agency.*

A. was the owner of a parcel of land which he purchased through B., a real estate broker, subject to a mortgage for $1,600 to C.   C. transferred the mortgage, July 16, 1901, to D., but the transfer was not recorded until July 26, 1904.   April 13, 1903, A. paid B. $700 on account of the mortgage, taking receipt signed by B., individually, assuming that B. was the agent of the owner of the mortgage, but not asking to see the note or mortgage. It appeared that A. did not inquire as to the agency; that B. did not state he was such agent, and in fact never had note or mortgage in his possession; that D. acquired the mortgage through B., but did not employ him to secure it, and received the mortgage direct from C; that B. made payment of interest to D., representing he was acting for the owner of the estate, but D. paid him nothing and did not employ him to collect the interest. B. failed to account for the amount of principal paid him by A.:—

*Held,* that the burden of proving the agency of B. was upon A., who alleged the same.

*Held,* further, that the non-recording of the transfer of the mortgage by D. had not affected A.

*Held,* further, that, on the above facts, the agency of B. for D. was not established.

BILL IN EQUITY.   Heard on agreed statement of facts.

DUBOIS, J. This case come before us upon an agreed statement of facts, of which the following seem to us to be material: The complainant is the owner of a parcel of land situated in the city of Providence, which he purchased from George A. Streeter through David F. Goff, a real estate agent representing Streeter, for the sum of $2,250.00, by deed dated November 7th, 1902, and delivered on the 8th day of said November, subject to a mortgage of $1,600.00, made by Streeter to F. E. Lewis, September 29, 1893, and duly recorded in Providence, which had been assigned by Lewis to the Island Savings Bank of Newport, June 28th, 1897, by transfer also properly recorded in Providence prior to the purchase by the petitioner. The petitioner paid the above purchase price by his assumption of the mortgage, by executing a second mortgage to said Goff for $198.00, subject to the prior mortgage, and by the payment of the sum of $452.00, in cash to Goff; that on the 16th day of July, 1901, an attempt was made to transfer said first mortgage to this respondent by the Island Savings Bank of Newport by its transfer of that date, which never has been recorded, but was discovered to be defective in misstating the corporate name of the respondent, and a new transfer of the mortgage, in January, 1904, was executed and delivered to the respondent, which caused the same to be duly recorded in Providence, July 26, 1904; that on April 13, 1903, the complainant paid Goff the amount due on the second mortgage deed and note and the same were cancelled; that the complainant paid Goff $96.00 for interest and $700.00 on account of the principal of the first mortgage and to be applied thereto, taking receipts signed by Goff, individually, and not as agent for any one; that in making these payments and accepting the receipts the complainant made no inquiry as to who owned or held the mortgage of $1,600.00, nor ever asked to see or saw the mortgage note or deed securing the same, but assumed from the statements and conduct of Goff that he was the agent of the owner and holder and had authority to receive money for him; that Goff never said that he was such agent and the complainant never asked him if he was, and, in fact, Goff never had the mortgage or mortgage note in his possession as agent or otherwise; that in

accepting the money from the complainant, Goff remarked: "I know that I ought to put the amounts paid as interest and principal on the note, but this receipt is just as good;" that up to the time of the discovery of his failure to account for the moneys delivered to him, the complainant and the public, generally, believed Goff to be a man of strict integrity, and that he is at present in parts unknown to the complainant: that the respondent acquired the mortgage from the Island Savings Bank of Newport through said Goff, who was known to Henry A. Fifield, treasurer of the respondent, as a real estate agent, who represented to him that he was acting for the owner. Mr. Fifield never employed Goff to secure the investment, or paid him anything for securing the same. The check in payment for the mortgage was drawn by Fifield in favor of, and was sent by him directly to, the Island Savings Bank of Newport, and the mortgage and mortgage note were received by him directly from the bank. Goff made payments of interest to Fifield, and represented that he was acting for the owner of the realty. Mr. Goff was never employed by the respondent or Fifield to collect interest, and was never paid anything by Fifield or the respondent for turning over interest to them. Mr. Fifield looked to Mr. Goff for the payment of the interest and never notified any one else of the interest or principal due, excepting that on October 19 and November 2, 1903, in view of Goff's delay in making payments, he sent to the complainant demands bearing those dates.

The sole issue is whether, in the circumstances, Goff was the agent of the complainant or of the respondent. If he was agent for the complainant, a decree is to be entered requiring the complainant to pay to the respondent the balance of seven hundred dollars and interest upon the mortgage note; but if Goff was the agent of the respondent, a decree is to be entered requiring the discharge of the mortgage as fully paid, together with the rebate of any overpaid interest.

(1)   It is elementary law that the *onus probandi* lies upon the party who asserts the affirmative of the issue. I Greenl. Ev. § 74. The burden of proving Goff's agency lies upon the com-

plainant who alleges the same. The evidence of agency may be either direct or indirect. 2 *Idem,* § 60.

The indirect evidence offered in this case as to the course of conduct, dealing, and intercourse of the parties with the alleged agent is fully as consistent with the claim of the respondent that Goff was the agent of the complainant as with the claim of the complainant that Goff was the agent of the respondent. If both were equally negligent in their conduct in dealing with Goff with reference to the mortgage in question, the complainant must lose: "*In pari delicto potior est conditio defendentis.*" We fail to see how the complainant has suffered from the respondent's omission to record its transfer of the mortgage. The only effect that such non-recording could have upon the complainant would be to lead him to suppose that the Island Savings Bank was still the holder of the mortgage. But no harm appears to have been done by the respondent's non-disclosure of its ownership. The respondent's failure to record its transfer could not tend to induce the complainant to believe that Goff was or was not its agent or the agent of the Island Savings Bank of Newport. It was not proof of any agency. The complainant's mistake was in assuming, without seeing the mortgage note in his possession, that Goff was acting as agent for any one but himself.

The complainant, having failed to maintain his bill of complaint, a decree will be entered, under the agreement, for the respondent.

*Terence M. O'Reilly,* for complainant.
*George A. Littlefield,* for respondent.