## OIL STATE REFINING CO. v. BRYANT et al.

No. 14653—Opinion Filed May 12, 1925.

**1. Bills and Notes—Forgery—Vigilance of Party to Prevent.**

There is no presumption that a person will commit forgery, and the protection against such crime is the law of the land, and not the vigilance of a party in excluding all possibility of committing it.

**2. Same—Payment on Forged Indorsement by Agent of Payee—Liability of Payee.**

To make out an estoppel, on the ground of negligence, against the payee of a promissory note in failing to protect himself against the consequences of an act of an agent of the payee, in collecting the proceeds of such note upon a forged indorsement of the payee's name thereon, it is not enough to show that the payee failed to protect himself or the public against the consequences of such forgery, but it must be shown that the payee was careless as to some duty owing to the plaintiff, who was led into the mistake of paying the note to a third party upon such forged indorsement.

**3. Same—Recovery by Payor from Holder Under Forged Indorsement.**

Since the holder of commercial paper is bound to know that the previous indorsements, including that of the payee, are in the handwriting of the parties whose names appear on the instrument, or are duly authorized by them, and by his indorsement warrants the genuineness of prior indorsements, where payment is made to a person holding an instrument under a forged indorsement, the person paying the same may recover the payment from him.

(Syllabus by Foster, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Garfield County; J. B. Cullison, Judge.

Action by Walker Bryant against the Oil State Refining Company and the Enid National Bank, to recover a money judgment. Judgment was rendered in favor of the plaintiff against the Oil State Refining Company, and in favor of the Enid National Bank against the plaintiff for costs. From the judgment so rendered, the Oil State Refining Company and Walker Bryant both appeal.

Simons, McKnight & Simons, for plaintiff in error.

McKeever, Moore & Elam, John F. Curran, and Wilson, Tomerlin & Threlkeld, for defendants in error.

Opinion by FOSTER, C. In this case, the

plaintiff in error, Oil State Refining Company, a corporation, appeals to this court to reverse a judgment of the district court of Garfield county, whereby the defendant in error, Walker Bryant, recovered judgment for the sum of $4,500 and accumulated interest.

The suit was originally filed by Walker Bryant against the Oil State Refining Company on the theory, as alleged in his petition, that he had paid the Oil State Refining Company the sum of $4,500 for 5,000 shares of the capital stock of said company of the par value of $1 per share; that the Oil State Refining Company had failed and refused to issue said stock to him, whereby it became liable for the return of the money so paid for said stock; that it was a part of his contract with the Oil State Refining Company that the stock should be issued to him upon payment of a promissory note for $4,500, dated and executed by him April 27, 1918, made payable to the Oil State Refining Company and due and payable six months thereafter; that although he had paid the note in full to the Oil State Refining Company, it still failed and refused to issue said stock, whereby it became liable, as for a breach of its contract, for the return of the amount specified in said note.

An answer was filed by the Oil State Refining Company, in which it was denied that it had ever sold Walker Bryant any of the capital stock of said company, or that it had agreed to issue any stock to him upon payment of any note therefor; denied that it had ever received the note, or received from Walker Bryant any sum of money whatsoever, in payment for said stock, or as evidenced by any promissory note executed by Walker Bryant; and alleged that if Walker Bryant had paid said note, it had been paid to the Enid National Bank of Enid, Okla., upon a forged indorsement of its name to said note by Jaggers & Wallace, who were not its agents and who were not authorized by it to transfer said note by indorsing its name thereon.

An amended petition was thereupon filed by Walker Bryant, by which the Enid National Bank was brought into the case and made a party defendant, in which he sought to establish liability against the bank upon the theory that it had collected said note upon a prior forged indorsement, and having, as a matter of law, warranted the genuineness of all prior indorsements, the bank was liable for a return of the money.

The Enid National Bank thereupon filed its answer, in which it claimed that it purchased said note from Jaggers & Wallace, before maturity, for value, and without notice of any claim or demand by Walker Bryant against the Oil State Refining Company for stock, and that at the time it received payment of said note, it had no notice of any infirmity in said instrument and no knowledge of any claim of Walker Bryant against said bank for stock, and that the same was voluntarily paid by the said Walker Bryant without any objections thereto and without making any claim of any kind whatsoever.

Issues were joined between the defendant in error, Walker Bryant, as plaintiff, and the Oil State Refining Company, plaintiff in error, and the Enid National Bank, defendant in error, as defendants, and the cause proceeded to trial in the district court of Garfield county before the court and a jury, resulting in a judgment in favor of Walker Bryant against the Oil State Refining Company for $4,500, with accumulated interest, and in favor of the Enid National Bank against Walker Bryant, that Walker Bryant take nothing against it, and that it recover its costs.

Motions for a new trial were filed, both by the Oil State Refining Company and by Walker Bryant, overruled, exceptions reserved, and the matter comes on regularly to be heard in this court on the appeal of the Oil State Refining Company, from the judgment rendered in favor of Walker Bryant against it, and upon the cross-appeal of Walker Bryant from the adverse judgment rendered against him in favor of the Enid National Bank.

Parties will be hereinafter referred to as they appeared in the trial court.

Several errors are assigned, both by the defendant Oil State Refining Company and the plaintiff, Walker Bryant, practically all of which challenge the correctness of the theory of law on which the case was submitted to the jury by the court in its instructions.

While the authority of Jaggers & Wallace to sell stock for the Oil State Refining Company, except as they might have been working under a contract with Sanford & Company, is strenuously denied by the defendant Oil State Refining Company, and while it denied that it had any connection with the sale of the stock here involved to the plaintiff, or any knowledge of the execution and delivery by the plaintiff of a note

for $4,500, in payment therefor, there was nevertheless very clear and positive testimony in the record that the note in controversy was made payable to the Oil State Refining Company and delivered to Jaggers & Wallace, in the presence of an officer of the company, under circumstances which could only have led the plaintiff to believe that the company was holding Jaggers & Wallace out as its agents, and after a full discussion between Jaggers & Wallace and the plaintiff in the presence of such officer of the purpose for which the note was given.

This evidence, we think, is sufficient to sustain the verdict of the jury so far as the actual sale of the stock by the defendant company to the plaintiff was concerned, and the execution and delivery to it of the note in payment therefor.

The evidence further discloses that Jaggers & Wallace had, until a few days prior to April 27, 1918, when the note in controversy was signed, been officers of the defendant Oil State Refining Company, and that after they severed their official connection with the company, they still retained offices with the company and had access to the company's rubber stamp in connection with their duties as representatives of Sanford & Company, which company, it is claimed, had the exclusive contract for the sale of the defendant company's stock.

A short time after the note in controversy was executed under circumstances hereinbefore detailed, and while it remained in the custody of Jaggers & Wallace, or of Jaggers himself, Jaggers transferred the note to himself by indorsing the name of the Oil State Refining Company thereon, using the rubber stamp in making the indorsement, and took the note to the Enid National Bank and pledged it as collateral security for a loan made by said bank to him.

There is no evidence in the record that Jaggers had any authority to transfer this note, for the Oil State Refining Company, to himself, and pledge the same as collateral security for his own personal debt, and so far as the record before us discloses, the indorsement thereon of the name of the Oil State Refining Company, by Jaggers, was unauthorized.

There is no evidence of any connection between the act of Jaggers in obtaining the note from the plaintiff for the company and his act afterwards in transferring the note to himself, by the rubber stamp indorsement and obtaining credit at the Enid National Bank thereon.

Mr. Fleming, an officer of the bank, testified that at the time the note was brought to the bank, he had no information that the Oil State Refining Company knew that it was an indorser on said note, except that he thought Jaggers was an officer or agent of the Oil State Refining Company.

As we view the case, the burden of proof rested upon the plaintiff to show, as against the Oil State Refining Company, not only that it took the note and agreed to issue the stock on payment of the note, but that it actually received the proceeds of the note directly from the drawer, Walker Bryant, or by virtue of its indorsement in the regular course of business, to a third party.

There is no evidence that defendant Oil State Refining Company received the proceeds of this note directly from the plaintiff, and if it is to be charged with liability, it must be upon some indorsement by it of the note.

In the absence of any evidence in the record that the note was indorsed by defendant Oil State Refining Company to C. O. Jaggers, and in the absence of any evidence that the Oil State Refining Company actually received the proceeds of said note, either with or without its indorsement, it would appear that the verdict of the jury must be set aside as to it, unless liability resulted under the law of estoppel.

The trial court instructed the jury in its instruction No. 6 as follows:

"If you find from the evidence that the Oil State Refining Company knew that it was an indorser upon said note prior to the time that the same was transferred to the Enid National Bank, it was the duty of the Oil State Refining Company to notify the bank of its objections to the indorsement, and if it failed to do so, then the said bank had the right to rely upon such indorsement as being authorized and of full validity, and the Oil State Refining Company is now estopped from claiming that the indorsement was unauthorized; and if you find from the evidence that the said Oil State Refining Company was so notified and did not object to such indorsement, then you should find for the defendant Enid National Bank."

We think the giving of this instruction was prejudicial error as to the rights of defendant Oil State Refining Company.

Under the facts and circumstances of the instant case, the law of estoppel, as embodied in the above instruction, is, we think, inapplicable. The mere fact that the note in controversy was made payable to the Oil

State Refining Company and delivered to C. O. Jaggers, under circumstances by which it became chargeable with knowledge of the execution and delivery of aid note to it, and its conduct in permitting said note to remain in the custody of C. O. Jaggers, would not, we think, suffice to transfer title by estoppel to the proceeds of said note paid by the maker to a third party upon a forged indorsement.

There was no presumption that Jaggers would commit a crime, and the owner and holder of the note would not be guilty of negligence in failing to protect itself against the consequences of such crime. In Peoples Trust Company v. Smith (N. Y.) 109 N. E. 561, it is said in the second paragraph of the syllabus:

"A mortgagee deposited for safekeeping the mortgage and bond secured thereby with a nephew bearing the same name as the mortgagee. The bond and mortgage were not accompanied by any blank form of transfer signed by the mortgagee. There was nothing to indicate that any transfer was contemplated. The nephew executed in his own handwriting an assignment of the bond and mortgage, and delivered the assignment, bond, and mortgage to the assignee, who made a loan to him. Held, that the mortgagee was not estopped by negligence from insisting on his ownership of the bond and mortgage, since the nephew's act was a forgery, under Penal Law (Consol. Laws, c. 40, par. 883), against which the mortgagee was not at fault for failing to protect himself or the public; for to make out an estoppel on the ground of negligence, it must be shown that the owner was careless as to some duty owing to the person relying on the estoppel or to the public."

It is said in the boly of the opinion:

"To make out an estoppel on that ground, it is not enough to show that the owner was careless. He must have been careless in respect of some duty owing to the plaintiff or to the public."

See, also, Sterling Leather Works v. Liberty Trust Company (N. J.) 102 Atl. 841; Ward v. Trustees of New England (R. I.) 61 Atl. 651.

The proximate cause of leading the plaintiff into the mistake of paying the note to the Enid National Bank, instead of to the Oil State Refining Company, was not the act of the Oil State Refining Company in taking the note and leaving it with its agent, Jaggers, but the unauthorized act of Jaggers in forging the name of Oil State Refining Company on the note and in later transferring it to the Enid National Bank. Especially is this true when as shown by the evidence, it appears that the Oil State Refining Company had no information that its name had been indorsed on said note, or that the bank acted in reliance upon the duty of the company to speak at a time when it kept silent. On the contrary, the evidence on the part of the bank lends support to the view that it thought that Jaggers was either an officer or agent of the Oil Refining Company, and therefore it acted at its peril in taking a transfer from Jaggers of property which appeared from the face of the note to belong to the Oil State Refining Company.

It is true that there was some evidence that the note in question went to protest in the autumn of 1918, after its execution in April of that year, and that notice of the protest was forwarded by the notary, through the mail, to the defendant Oil State Refining Company, but inasmuch as this notice, even if received by the Oil State Refining Company, was sent out several months after the Enid National Bank acquired the note under the Jaggers' indorsement and was therefore not relied on by the Enid National Bank, this fact cannot form the basis of title in the Oil State Refining Company by estoppel. Williams v. Purcell, 45 Okla. 489, 145 Pac. 1151.

Having arrived at the conclusion that the law of estoppel embodied in the court's instruction has no place in this case, our next inquiry will relate entirely to the law governing the relationship between the plaintiff and the Enid National Bank.

In the cross-appeal of plaintiff, Walker Bryant, the refusal by the trial court to give the following instruction has been assigned as error:

"You are instructed that the persons purchasing negotiable paper do so at their hazard of the validity of the indorsement under which they claim, and you are instructed that the agency of Jaggers & Wallace to sell the stock of defendant Oil State Refining Company in question, did not, of itself, include authority to indorse paper taken to the Oil State Refining Company for the purchase price of the stock."

We think the refusal of this instruction was prejudicial error as to the rights of the plaintiff against the Enid National Bank.

The mere authority of Jaggers & Wallace to sell stock for the defendant Oil State Refining Company did not include, as a matter of law, authority to indorse notes taken by their principal in payment for such stock.

The evidence discloses that before the ma-

turity of the note executed by Bryant to the Oil State Refining Company and after several partial payments had been made to the Enid National Bank by the plaintiff thereon, the defendant Enid National Bank purchased the note from Jaggers outright, and thereafter, the plaintiff paid the note ·in full to the bank and demanded from the Oil State Refining Company his stock, which it refused to issue. Thereupon, as stated, the plaintiff brought his suit joining the Enid National Bank as a party defendant.

The rule applicable to a situation of this kind is stated in 8 Corpus Juris, page 608, as follows:

·"Since the holder of paper is bound to know that the previous indorsements, including that of the payee, are in the handwriting of the parties whose names appear on the bill, or are duly authorized by them, and by his indorsement warrants the genuineness of prior indorsements, where payment is made to a person holding an instrument under a forged indorsement, the person paying the same may recover the payment from him."

·See, also Bartlett v. First National Bank (Ill.) 93 N. E. 337.

Nor can the negligence of the defendant Oil State Refining Company, in placing Jaggers in a position where he was enabled to practice a fraud, relieve the situation. As was said in Hamlin's Wizard Oil Company v. United States Express Company (Ill.) 106 N. E. 623:

"Plaintiff's gross negligence in failing for nine years to take any step to ascertain the methods by which its bookkeeper was conducting its business, or whether his books were truthful and correct, did not defeat the liability of defendant, from whom plaintiff frequently purchased money orders and who cashed checks and drafts payable to plaintiff's order on the bookkeeper's forged indorsement of plaintiff's name, issuing in exchange therefor money orders which the bookkeeper converted to his own use, though the exercise of ordinary care would have prevented the continuance of the forgeries and frauds: it being a general rule that a person called upon to act upon the faith of a written instrument, including an indorsement of commercial paper, must ascertain its genuineness at his peril."

In the body of the opinion the Illinois court quotes with approval this statement:

"No equitable considerations can be invoked to soften seeming hardships in the enforcement of the laws and rules fixing liability on persons handling commercial paper. These laws are the growth of ages, and the result of experience, having their origin in necessity. The inflexibility of these rules may occasionally make them seem severe, but in them is found general security."

The defendant Enid National Bank has filed a supplemental answer brief, in which is questioned the right of the Oil State Refining Company to raise any question on this appeal as to the correctness of the judgment obtained by it for costs against Walker Bryant, by reason of its failure to assign errors on a cross-appeal against it, and that since the plaintiff, Walker Bryant, has not assigned any errors under his cross-petition which are cognizable by this court, there is nothing before this court for determination as to the rights of the Enid National Bank under its judgment. This contention, we think, cannot be sustained.

The refusal of the trial court to give instruction No. 5, requested by the plaintiff as against defendant Enid National Bank has already been discussed and the court's refusal to give it held error.

In this situation, the right of the Oil State Refining Company in its brief to urge error by the trial court in awarding judgment in favor of the Enid National Bank and against Walker Bryant becomes immaterial.

The cross-appeal of Walker Bryant, his petition in error, and the assignments of error discussed in this brief, though somewhat general, are sufficient, we think, to present the question here considered as between plaintiff Walker Bryant, and the Enid National Bank.

The judgment of the trial court in favor of Walker Bryant against the Oil State Refining Company and the judgment of the Enid National Bank against Walker Bryant for costs are both reversed, and the cause remanded with directions to grant a new trial.

By the Court: It is so ordered.

Note.—See under (1) 22 C. J. p. 146. (2) 8 C. J. pp. 1169, 1170. (3) 8 C. J. pp. 393, 608.